FILED
JAN - 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MR. SAM L. CLEMMONS
548 SAINT CHARLES PL
BROOKHAVEN, MS 39601
1-866-409-7758

CIVIL ACTION NO:

V

UNITED STATES OFFICE OF PERSONNEL MNGT
ATTN: General Counsel Mark A. Robbins
CENTER FOR FEDERAL INVESTIGATION SERVICES
FEDERAL INVESTIGATION PROCESSING CENTER
1900 E. Street, NW, Suite 7353
Washington, DC 20415-1300

**JURY ACTION**

CASE NUMBER  1:06CV00008
JUDGE: Royce C. Lamberth
DECK TYPE: FOIA/Privacy Act
DATE STAMP: 01//2006

    Comes Samuel L. Clemmons, Jr. file this civil complaint in the United States District Court against the Office of Personnel Management a United States Government Agency in violation of malicious slander, identity theft, identity fraud, deformation of character and providing false and fraudulent information against others and against another Federal Agency (The Central Intelligence Agency, (CIA))under an ordered federal investigation stating that the plaintiff have confirmed serious issues against the federal government and possesses a serious threat to this country and citizens of the United States of America.

    Let the facts stand in this complaint that such defendant listed above wrongfully, willfully, deliberately, maliciously intentionally and permanently marked the plaintiff's personal

1

information in a United State Government's record and database in an attempt to destroy the plaintiff's character before a hiring review panel of the federal government (The Drug Enforcement Administration(DEA)) without **any** known facts provided by such claimed agency (The CIA) and without any court orders, any signs of any warrant for arrest, any court conviction in a United States court of law or any other means to justify the defendant's actions.

Such entry was marked, made or discovered willfully and intentionally by a federal government employee by the name of Ms. Wynette Alexander. Ms. Wynette Alexander is a FOI/PA Specialist in this agency. Ms. Alexander does not or did not show or reveal any documentation to support such statement as stated by Ms. Alexander in a letter addressed to the plaintiff on August 5, 2005.

Ms. Alexander does not or did not show any documentation in writing to show attempts made to contact the Central Intelligence Agency to confirmed information used against the plaintiff in the plaintiff's background investigation report released to the plaintiff for review on August 5, 2005.

Sam L. Clemmons vs. United States Office of Personnel Management (OPM)

The plaintiff also states, in additional to the fraudulent information placed against the Central Intelligence Agency there are an additional twelve other issues that has been confirmed as fraudulent in this investigation which confirms this investigation conducted on the plaintiff as fraud.

The plaintiff's states to the court that all rights to appeal any of these issues in the record held against the plaintiff were never offered, they were later denied at the moment of requesting to appeal.

The plaintiff argues that the defendant (OPM) at question committed such acts without any proof or support documentation to support the writing placed in a government letterhead or federal investigation by Ms. Alexander to show a full or complete background investigation was conducted to warrant such entry which makes such agency liable for committing a criminal act of malicious slander, deformation of character, identity theft, identity fraud; therefore, hold such agency to be responsible for all punitive damages suffered by this act.

In addition, an adjudicating official by the name of Anna Bowden and June Bowden is suspect of printing and signing a federal document under two different names, this reports shows

Sam L. Clemmons vs. United States Office of Personnel Management (OPM)

that the defendant's adjudicative action on the defendant's OPM Personnel Investigation on January 8th of 2002 is verified as a fraudulent act by blacken in the oval # 2 completely stating that a favorable determination was made and the plaintiff was contacted to discuss all issues in relating to the plaintiff's background.

The plaintiff argues the marking is not true. This action should make Anna Bowden also be responsible for submitting false information under a federal investigation and The Freedom of Information Act.

On November 15th, 2005, the Office of Personnel Management General Counsel Mark A. Robbins makes another fraudulent or misleading statement against the Central Intelligence Agency after the defendant (OPM) violated the Freedom of Information Act and the appeal process. Proof against General Counsel Robbins' statement will be provided in Appendix I upon a motion to enter discovery.

The agency is also in violation of the United States Title Code, Title 5, USC, Section 552a, Exemption (j)(2) of the Privacy Act and Title 5, USC Section 552, Exemption (b)(7)(A), (b)(2), (b)(6) and (b)(7)(c) and U.S. Executive Order 10450,

10865, 12333, and 12356; section 3301 and 9101 of title 5, U.S. Code; section 2165 and 2201 of title 42, U.S. Code; section 781 to 887 of title 50, U.S. Code; and part 5, 732  736 of Title 5, Code of Federal Regulation and any denial of appeals submitted under the Freedom of Information Act (FIOA) to retrieve and review any evidence to support their actions.

The defendant (OPM) is also in violation of the United States Code 5 U.S.C. § 2302(b)(8) which alleges and set forth a violation of the prohibited personnel practice policy by federal government employees.

All FACTS of this information in this complaint was discovered and revealed under a United States Government "federal" investigation document dated June of the year of 2000 that was finally and officially released to the plaintiff for review on August 5, 2005.

Therefore, this complaint filed against such defendant does falls under timely actions filed by the plaintiff after discovering the defendant's (OPM) attempts to destroy the plaintiff's character and completely ruin the plaintiff's career. Therefore, the plaintiff is properly filing this complaint of deformation of character, identity theft and

Sam L. Clemmons vs. United States Office of Personnel Management (OPM)

identity fraud in a proper court of law within the United States District Court for the District of Columbia.

Upon a motion to enter discovery, the Central Intelligence Agency's documents dated August 12, 2005 and August 24, 2005 should serve as the plaintiff's witness that such defendant has falsely reported wrongful and harmful information against the plaintiff in an attempt to ruin the plaintiff's career and caused further unnecessary hardship upon the plaintiff's family and the plaintiff.

Upon a motion to enter discovery, the plaintiff wishes to also add the thirty-four pages of witness' testimony statements addressed to the defendant (Office of Personnel Management) label as Appendix I attached with supplemental statements or communication from the Department of Justice which were released to the defendant upon personal discovery on August 18, 2005 through certified mail delivery # 7004 2510 0002 5064 7964.

Appendix I will serve as the plaintiff's witness statements that a full and completed background investigation ordered by the Department of Justice was never conducted or completed during this period of investigation and should be used into

Sam L. Clemmons vs. United States Office of Personnel Management (OPM)

consideration to support the plaintiff's stance of fraud and unethical conduct in this investigation.

The plaintiff seeks a judgment out of court for full recovery against these actions and violations. The plaintiff is requesting complete removal of the entire plaintiff's personal information from the defendant's database and punitive damages recovery in the amount of **$30, 000, 000.00** (Thirty millions dollars) plus full recovery of employment benefits. (Time & grade and EEOC rights)

Therefore, holding the defendant (Office of Personnel Management) fully liable for slander, deformation of character, identity theft, identity fraud and failure to grant the plaintiff's the proper appeal rights to appeal all items label as issues in the plaintiff's background report that was closed by the defendant (OPM) on June of the year 2000 as verified, accurate, truthful and correct remarks against the plaintiff.

The plaintiff wishes to maintain and reserve rights to sell story to the public if necessary.

Sam L. Clemmons vs. United States Office of Personnel Management (OPM)

If this civil action cannot be settled out of court, the plaintiff is asking for a civil trial before his peers (jury trail) revealing all the issues along with the **FACTS** set forth in this case for a jury to rule base on the issues and facts provided in this compliant as of this date the compliant is filed and logged into United States District Court's system.

All attempts to resolve this complaint has been exhausted.

*Sam L. Clemmons*
548 Saint Charles Place
Brookhaven, MS 39601

CC:     Office of Personnel Management
        United States Attorney General
        United States Attorney
        Law Office of Leeds, Morelli & Brown
        The Rainbow Push Collation
        The NAACP Chapter for the District of Columbia
        Mary L. Lee, Paralegal
        George Tillman, Paralegal
        Records

# Appendix I

# SUPPLEMENTAL STATEMENTS

# TO

# APPENDIX I

06 0008

FILED

JAN - 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT