

THE FOLLOWING ATTACHED PAGES TO THE
COMPLAINT SHOULD REPLACE OR ADD TO THE
PERVIOUS COMPLAINT SUBMISSION DUE TO THESE
PAGES MAY HAVE BEEN EDITED IN SOME FORM SO
THAT THE COURT, THE DEFENDANT AND THE
PLAINTIFF WILL SEE AND ARGUE THE SAME WITHOUT
ANY CONFUSION.

THANKS FOR ACCEPTING AND CORRECTING THE
RECORD

RECEIVED

AUG 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SAM L. CLEMMONS
      PLAINTIFF, *Pro Se*

vs.

UNITED STATES OFFICE OF PERSONNEL MNGT
**ATTN: General Counsel Mark A. Robbins**
CENTER FOR FEDERAL INVESTIGATION SERVIC
FEDERAL INVESTIGATION PROCESSING CENTER
1900 E. Street, NW, Suite 7353
Washington, DC 20415-1300

) CIVIL ACTION NO:
)
)   CASE NUMBER:
)   **1:06CV00008 (RCL)**
)
)   REVISED COPY
)
) July 14, 2006
)
)

**RECEIVED**

AUG 1   2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Comes Samuel L. Clemmons, Jr. file this civil complaint in
the United States District Court against the Office of Personnel
Management a United States Government Agency in violation of
crimes of malicious slander, identity theft, theft by deception,
identity fraud, deformation of character and providing false and
fraudulent information against others and against another
Federal Agency (The Central Intelligence Agency, (CIA))under an
ordered federal investigation stating that the plaintiff have
confirmed serious issues against the federal government and
possesses a serious threat to this country and citizens of the
United States of America.  (See case law: *Anigio-Medical Corp.
v. Eli Lilly & Co.*, 720 F.Supp.269; *Roger Corp. v. Arlon, Inc.*,
855 F. Supp. 560; *Leavitt v. Cole, 17 Fla. L. Weekly* Fed.D71);
*Carl Oglesby v. The U.S. Dept. of Army*, et.al, No. 89-5219 and
*Leadership Conference on Civil Rights v. Alberto Gonzales*,
Attorney General, No. Civ. A.04-1664(Rcl). In this complaint let

it be known and let it stand according to law of § 111 ALR, Fed. 295, Giving false information to Federal Departments or Agency as Violation of 18 U.S.C.A § 1001, Making it a Criminal Offense to Make False Statements in any matter under jurisdiction of the Departments or Agency of the United States of America.

## II

Before I (the Plaintiff) address my case and complaint to the courts and jury, I would like to add an in-depth passage to the Defendants so that the Defendants will have a full but fair understanding of my actions here today in filing this complaint before a judge, court or jury to hear and rule on my submission to the courts.

## III

I (the Plaintiff) expresses to the Defendant or Defendants that ignorance of the law is no excuses, it is one of the most familiar phrases in any branch of jurisprudence. It is not entirely without exception, although some exceptions are rare. What one has intended to do results in their own passage and interruptions of the law? In other words, what I'm saying to the Defendants that every person is presumed to know the law. In order to understand either the rule itself or the exceptions thereto, it is necessary to know in this case matter what is the words "presumed" and "presumption" or they are used in three different senses in the law. One of the senses is to signify a

mere inference of fact. The second one is a true presumption,
which is a rule of law which calls for certain results unless
the party or defendant adversely affected comes forward with
evidence to overcome the complaint filed against such
Defendants. This (although it is the true presumption) often is
referred to as a "*prima facie presumption*" to distinguish it
from the so called "conclusive presumption" which is a legal
device in the form of a what they call a postulate used for the
determination of a particular case whether it represents the
actual facts or not. Which bring about the rule of evidence when
a typical example is the conclusive presumption of delivery by
all parties or Defendants to a negotiable instrument which has
reached the hands of a holder such as the Plaintiff in due
course, the net result of this "conclusive presumption" is that
such a Plaintiff as myself in due course can enforced the
instrument such as a complaint such as I am doing as effectively
against the Defendants who did not deliver proof to support his
or her slanderous, derogatory comments and crimes to
intentionally to cause harm and hurt upon the Plaintiff.

　　　If "everyone is presumed to know the law" in this sense, it
means that a particular case will be disposed of exactly as if
the defendant actually did know the law whether such is the fact
or not. And this is exactly the sense in which this word should
be used in evaluation of the facts in this case before the judge

and the courts today. It is known this is the sense in which it
is used in all cases in which "ignorance of the law is no
excuse." There are some rare and exceptional cases in which
ignorance of the law is recognized as an excuse in some criminal
cases the presumption is rebuttal able, but in this case before
the court we have a very knowledgeable defendant, who is of age
to know right from wrong. We have someone who is very
professional and capable of thinking things through before
committing a wrongful act or committing a crime and someone who
will take accountability and responsibility for their actions.
They say "The truth shall always set you free"; "a false
submission will always come back to capture you". No matter how
hard it is for someone to tell the truth. You must tell it if
you ever want to be free. The Defendants are caught up in this
because the Defendants' administrative false statements on a
very reputable company letterhead and such false statements have
returned to capture you. So I (the Plaintiff) say to the
Defendants and the Defendant's agency... You (the Defendant)
should be accountable for your actions and reply back to the
courts with the truth.

## IV

The Plaintiff expresses with the above paragraphs said and
stated for the record, let the facts stand in this complaint
that such Defendants listed above wrongfully, willfully,

deliberately, maliciously, intentionally and permanently marked the Plaintiff's personal information in a United State Government's record and database. In an attempt to destroy the Plaintiff's character before a hiring review panel of the federal government for a national security position without **any** known facts provided by such claimed agency (The CIA).  The Defendant failed to provide any support statements or documents to support their actions such as court orders, any signs of any warrant for arrest, any court conviction in a United States court of law or any other means to justify the Defendants' actions.

<u>V</u>

Such entry was marked, made or discovered willfully and intentionally by a federal government employee by the name of Ms. Wynette Alexander. Ms. Wynette Alexander is a FOI/PA Specialist in this agency. Ms. Alexander does not or did not show or reveal any documentation to support such statement as stated by Ms. Alexander in a letter addressed to the Plaintiff on August 5, 2005 according to Freedom of Information Act § 5 U.S.C.A. § 552. See Case law: _People v. Zerillo_, 36 Cal.2d 222, 232, 223 P.2d, 223, 230 (1950) and apply and understand the term:_"Actus non facit reum, nisi mens sit rea."_ Or "_Mens Rea_" and "_actus reus_" to this case.

## VI

Ms. Alexander does not or did not show any documentation in writing to show attempts made to contact the Central Intelligence Agency to confirmed information used against the Plaintiff in the Plaintiff's background investigation report released to the Plaintiff for review on August 5, 2005 according to § 5 U.S.C.A. § 552.

## VII

The Plaintiff also states, in additional to the fraudulent information placed against the Central Intelligence Agency there are an additional twelve other issues that have been confirmed as fraudulent in this investigation which confirms this investigation conducted on the Plaintiff as fraud and should be punishable in any court of law. *(See case law: United States v. Rohn,* 964 F.2d 310, 313 (4th Cir. 1992)§ 1028(a)(3)and **Burks v. United States,** 437 U.S. 1, 18, 98 S.Ct. 2141, 57 l.Ed. 2d 1 (1978)

## VIII

The Plaintiff's states to the court that all rights to appeal any of these issues in the record held against the Plaintiff were never offered, they were later denied at the moment of requesting to appeal which is in violation of § 5 U.S.C.A. § 552.

## IX

The Plaintiff argues that the Defendant (OPM) at question committed such acts without any proof or support documentation to support the writing placed in a government letterhead or federal investigation by Ms. Alexander to show a full or complete background investigation was conducted to warrant such entry which makes such Defendants liable for committing these criminal acts of malicious slander, deformation of character, identity theft, theft by deception and identity fraud; therefore, hold such agency to be responsible for all punitive damages suffered by these acts. (See statue: U.C.A. 1953, 76-6-405, 76-6-1102 and **State v. Ross**, **951 P.2d 236, 241 (Utah Ct. App. 1997)**

## X

In addition, an adjudicating official by the name of Anna Bowden and June Bowden is also suspect of printing and signing a federal document under two different names, this reports shows that the Defendant's adjudicative action on the Defendant's OPM Personnel Investigation on January 8th of 2002 is verified as a fraudulent act by blacken in the oval # 2 completely stating that a favorable determination was made and the Plaintiff was contacted to discuss all issues in relating to the Plaintiff's background (See case law and statue : **United States v. Ellis, 121 F.3d 908, 913 (4th Cir.1997), 18 U.S.C. § 1028(a)(3), and The**

Sam L. Clemmons vs. United States Office of Personnel Management (OPM)

**False Identification Crime Control Act of 1982, Pub.L. No. 97-398, 96 Stat.2009.**

## XI

The Plaintiff argues the marking is not true. This action should make Anna Bowden also be responsible for submitting false information and submitting fraudulent documents under a federal investigation and The Freedom of Information Act and making such investigation to be fraud according to statue 18 U.S.C.A. § 1001.

## XII

Remarks made by Ms. Bowden, stating "There are potentially actionable issues which, standing alone may probably be disqualifying under security/suitability considerations." Are true comments of malicious slander without proper verification (See case law: *Leavitt v. Cole*, 17 Fla. L. Weekly, Fed. D 71. One should question what are those issues?

## XIII

On November 15th, 2005, the Office of Personnel Management General Counsel Mark A. Robbins makes another fraudulent or misleading statement against the Central Intelligence Agency after the Defendant (OPM) violated the Freedom of Information Act and appealed the process. Proof against General Counsel Robbins' statement will be provided in Appendix I upon a motion to enter discovery. *(See case law: Fed. R. Civ.P. 9(b)* and *DeWit*

Sam L. Clemmons vs. United States Office of Personnel Management (OPM)

*v. Firstar Corp.* 879 F.Supp. 947(N.D.Iowa 1995); *United States Dep't of Defense v. FLRA,* 510 U.S. 487, 494, 114 S.Ct. 1006, 1011-12, 127 L.Ed.2d 325 (1994); *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973); *Founding Church of Scientology v. Bell*, 603 F.2d 945, 949 (D.C.Cir.1979).

## XIV

In additional to the case laws quoted above, keep in mind that the defendant is also in violation of the United States Title Code, Title 5, USC, Section 552a, Exemption (j)(2) of the Privacy Act and Title 5, USC Section 552, Exemption (b)(7)(A), (b)(2), (b)(6) and (b)(7)(c) and U.S. Executive Order 10450, 10865, 12333, and 12356; section 3301 and 9101 of title 5, U.S. Code; section 2165 and 2201 of title 42, U.S. Code; section 781 to 887 of title 50, U.S. Code 401a(4) (3)(d) and part 5, 732 736 of Title 5, Code of Federal Regulation and any denial of appeals submitted under the Freedom of Information Act (FIOA) to retrieve and review any evidence to support the defendant's actions.

## XV

The Defendant (OPM) is also in violation of the United States Code 5 U.S.C. § 2302(b) (8) which alleges and set forth a violation of the prohibited personnel practice policy by federal government employees.

## XVI

All these FACTS stated in this complaint were discovered and revealed under a United States Government "federal" investigation document dated June of the year of 2000 that was finally and officially released to the Plaintiff for review on August 5, 2005. Which clearly show evidence of cover up and an intentionally act according to the Freedom of Information Act § 5 U.S.C.A. § 552.

## XVII

On August 23, 2002, a Member of Congress intervened and requested **all** the records pertaining to the Plaintiff's record and such requests were denied given the Member of Congress false information that was not requested under the Freedom of Information Act. These documents will also be available to the court at the motion to enter discovery for the record which will show proof of an intentional act to withhold information under § 5 U.S.C.A. § 552 and violation of statue 18 U.S.C.A § 1001 and for withholding and giving false information to an honorable member from Congress.

## XVIII

Therefore, this complaint filed against such Defendants does falls under timely actions filed by the Plaintiff after discovering the Defendant's (OPM) attempts to destroy the Plaintiff's character and completely ruin the Plaintiff's career

in the United States of America. The Defendant was given every opportunity to comply according to the law and release all information requested and sought in a timely manner. The Defendants choose to violate the law(s) resulting in an intentional act.

## XIX

Therefore, the Plaintiff is properly filing this complaint of deformation of character, identity theft, and theft by deception, identity fraud and violation of Freedom of Information Act and violation of statue 18 U.S.C.A § 1001. All these violations are filed properly in the court of law in the United States District Court for the District of Columbia.

## XX

Upon a motion to enter discovery, evidence from the Central Intelligence Agency's documents dated August 12, 2005 and August 24, 2005 should confirm and serve as the Plaintiff's witness statement that such Defendants have falsely reported wrongful and harmful information against the Plaintiff in an attempt to ruin the Plaintiff's character, career by causing further unnecessary hardship upon the Plaintiff's family and the Plaintiff in an attempt to **taint** the Central Intelligence Agency to cover up from it's fraud actions and statements.

The Plaintiff wishes to inform the courts that if such Defendant (OPM) can prove to the courts that the Plaintiff have

Central Intelligence issues or concerns and is considered a
threat to this country. The Plaintiff states at the time of a
court hearing or jury trial if it can be proven by the Defendant
that such statement is accurate and correct the Plaintiff will
drop this lawsuit and will give up his citizenship in United
States of America and announce departure to leave this country
for another country that's more civilized and teaches and lives
on the truth.

### XXI

In additional, upon a motion to enter discovery, the
Plaintiff wishes to also add the thirty-four pages of witness'
testimony statements addressed to the Defendant (Office of
Personnel Management) label as Appendix I attached with
supplemental statements or communication documents from the
Department of Justice that were released to the Defendant upon
personal discovery on August 18, 2005 through certified mail
delivery # 7004 2510 0002 5064 7964.

### XXII

The entire submission of Appendix I will serve as the
Plaintiff's witness statements that a full and completed
background investigation ordered by the Department of Justice
were **never** conducted or completed during this period of
investigation. This should be used into consideration to support
the Plaintiff's stance of fraud and unethical conduct in this

1  investigation. It will show the court and a jury that there are

2  serious signs of corruption within this agency or The Department

3  of the Justice and violation of 18 U.S.C.A. § 1001 (2) (15)

4  (34).

5

6  ### XXIII

7  On September 29, 2005, the Plaintiff write the Defendant(s)

8  a letter advising the Defendant that there are thirteen issues

9  of fraud in the Plaintiff's background record they **all** have been

10 verified and the Plaintiff requested to the Defendants to

11 revivify these issues or have such issues removed from the

12 record. The Defendant denied such request, I guess in thinking

13 it will cost the agency too much to revivify but it will cost

14 the agency nothing to allow the fraud issues to stand as they

15 are. The Defendants received such letter submission by Fed Ex

16 delivery service with a tracking number of 850485718052 on

17 October 5, 2005 at 9:43 a.m. signed by T. Dargin.

18

19 ### XXIV

20 The Plaintiff states, due to the nature of these

21 allegations, crimes, the large reputation and size of the

22 Defendants, and such Defendants' actions and many unlawful

23 attempts made to destroy the Plaintiff's character; causing pain

24 and suffering, anxiety, emotional distress, setbacks, mental

25 damages, etc to the Plaintiff which shows an intentional act to

cause undue hardships; these confirmed actions are intentionally

Sam L. Clemmons vs. United States Office of Personnel Management (OPM)

in relation to withhold of information; the Plaintiff seeks a judgment out of court for **full** recovery against these actions and violations of the law. If the Defendant disagrees then the Plaintiff requests a jury trial before his peers.

### XXV

The Plaintiff wishes to allow the Office of Special Counsel to do what it has to do to the federal employees at question for these criminal acts that has occurred according to the policy of statue 5 U.S.C. § 2302(b) (8) and pending OSC File No. MA-05-2031 that has been in a pending status since June 14, 2005.

### XXVI

The Plaintiff is requesting to compel and complete removal of the entire Plaintiff's personal information from the defendant's database. Full Punitive damages recovery in the amount of **$30,000,000.00** (Thirty millions dollars) after taxes.

In addition, the Plaintiff is requesting full recovery from the Defendant from the amount of judgments awarded to the Plaintiff from the Defendant's witness's statements that have been validated as **FRAUD** in the United States District Court for the District of Columbia. The Defendant should demand its witness to surrender it proof to support their statements or surrender to the court their own separate award for damages sought by the Plaintiff. Thereby releasing the Defendant from their full responsibility for giving false information to a

Sam L. Clemmons vs. United States Office of Personnel Management (OPM)

federal agent or agency during a national security federal investigation.

   If the Defendant's witnesses as outline in the OPM investigation report listing "issues" are not able or willing to pay for their fraudulent actions in this federal investigation and violation of law under § 111 ALR, Fed. 295 which states, giving false information to Federal Departments, Agency or court is a Violation of 18 U.S.C.A § 1001. The Plaintiff is willing to drop all recovery attempts for damages against the Defendant's witnesses. Seek full recovery from this Defendant (OPM) by seeking full *prima facie* claims, EEOC rights and recovery of benefits under the equal employment law and Civil Rights Act of 1964 § Title VII which increase punitive damage recovery in the amount of **$75,250,000.00**.

   If the Defendant's witnesses are able to pay for their damages in this lawsuit through confirmation by the Defendant by the time such record or case is closed before the court. Then the Defendant should be only liable for punitive damages recovery in the amount of **$30,000,000.00** (thirty million dollars) after taxes. The Defendant should be overall responsible for reporting to the court on who agreed to pay for their damages and who fail or refused to pay for their damages. In order to get an overall determination of the actual award pay out required by the Defendant if the Defendant cannot prove it

allegations as truth set forth in this lawsuit for the Defendant to prove.

The Plaintiff wish to add if the Defendant is willing and able to provide the court with truth to the fact that such and all issues listed in the Plaintiff's background investigation report are truth through confirmation. The Plaintiff will drop this lawsuit out right and request the court to close this case before the court due to such report has been confirmed as truthful without prejudice. It is the Defendant responsibility to confirm and verify with the court the Defendant's witness statements as truthful or fraudulently and addresses any issues or concerns with the Defendant's witness according to 18 U.S.C.A § 1001. The Defendant can easily prove this through a legal request to **SUBPOENA DUCES TECUM** from the Defendant's witnesses.

The Plaintiff has expressed and stated within this court that such background investigation is FRAUD and was not conducted properly according to the law which makes the Defendants to be fully liable for all damages sought in this complaint.

## XXVII

In additional to the damages done, the Plaintiff's complaint should be confirmed as a subject to employment discrimination was on the basis of race and gender. Therefore, making the Plaintiff's opposition to discriminatory practice in

violation of all the laws stated in this complaint as well as all applicable federal, state, local provision that can be inferred from the facts set forth herein. Due to the Defendants' action, the Defendants have caused more harm resulting in Disparate-treatment and Disparate-Impact Discrimination performed by another agency of the federal government resulting from the defendants' false reporting. (See case Law: *Price Waterhouse v. Hopkins*, Supreme Court of the United States, 1989.490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268; *United States v. Detroit Timber & Lumber Co.*, 200 U.S. 321, 337, 26 S.Ct. 282, 50 L.Ed. 499; and Case law: **Supreme Court of the United States, United States v. Georgia et al., Nos. 04-1203, 04-1236**)

### XXVIII

In closing, the Defendants (Office of Personnel Management) should be held fully liable for all these crimes of slander, deformation of character, identity theft, theft by deception, identity fraud and failure to grant the Plaintiff's the proper appeal rights to appeal all items label as issues in the Plaintiff's background investigation report. Such record was closed by the Defendant (OPM) on June of the year 2000. This record was verified as accurate, truthful and correct remarks against the Plaintiff. This shows *intent* to ruin the Plaintiff's career without a doubt in the United States of America and by officially releasing such record sought after approximately *five*

years later under the Freedom of Information Act constitute many negligence acts.

## XXIX

The plaintiff wishes to maintain and reserve rights to sell story to the public if necessary.

## XXX

If this civil action cannot be settled out of court, the Plaintiff is asking for a civil trial before his peers (jury trial) revealing all the issues along with the **FACTS** set forth in this case for a jury to rule base on the issues and facts provided in this compliant as of this date the compliant is filed and logged into United States District Court's system.

## XXXI

All attempts to resolve this complaint have been exhausted, the burden of the proof lies on the Defendants to prove **all** their *issues* and *allegations* to be truthful on the record. When considering a motion for summary judgment, it is known that the court must examine all evidence in the light most favorable to the Plaintiff (nonmoving party). I would advise the Defendants to consider case laws *Langley v. Adams County*, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the Defendant) bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P.56(c); See

case law: _Anthony v. United States_, 987 F.2d 670,672 (10th

Cir.1993). If the moving party (the Defendant) does not bear the

burden of proof at trial, it must show "that there is an absence

of evidence to support the nonmoving party's (the Plaintiff)

case" In this case the nonmoving party (the Plaintiff) has

expressed evidence to support the Plaintiff's claim; therefore,

case law to consider: _Celotex Corp. v. Catrett_, 477 U.S. 317,

325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit

in this case matter. The Federal Insurance Company under Crime

Insurance Policy No, provided by the Defendant (hereinafter the

"Federal Policy", and therefore the Defendant has sustained no

loss in this action, nor did the Plaintiff cause any hurt or

harm to the defendant, the Defendant caused this action or

judgment upon itself (The Agency).

## XXXII

If this complaint is found to be true, I (the Plaintiff)

say to the Defendants, I have children of my own and I must

inform you and the courts…that this type of behavior is learned

or taught by someone or retained through some source somewhere.

I (the Plaintiff) say to you that I would never teach or advise

my children to do what you have done to me and to do it to

others. This type of behavior has no justification. Be

accountable for your actions and reply back to the courts with

the truth.

1  I also say to the Defendants think of me as if I was you,

2  what if someone or an agency would have done to this you? How

3  would you feel? How would you react? Would you think what I've

4  done here today is not justified? We all have a heart that beat

5  like a clock. We all share and breathe the same oxygen. We all

6  have blood running through our vain; we all expect to be treated

7  fair, but equal while we are here on earth. So I ask the

8  defendant, why have you treated me so differently? What have I

9  done to you or your agency prior to this complaint?

10

11                           **XXXIII**

12  *They say in the end …Good will always triumph over Bad*
    End of Complaint:

13

14                    Respectfully submitted,

15                    ~~Sam L. Clemmons~~, Plaintiff, *Pro Se*
                      548 Saint Charles Place

16                    Brookhaven, MS 39601

17  **Attachment**: 3 pages of the United States Office of Personnel
    **Management Investigations Service Report** of issues and concerns

18  at question in Complaint before this court.

19  **CC: USPS.COM for tracking purposes**

20  Office of Personnel Management, **Express Mail #: EQ 241268358 US**

21  United States Attorney General, **Express Mail #: EQ 241268361 US**
    United States Attorney,            **Express Mail #: EQ 241268375 US**

22  Law Office of Leeds, Morelli & Brown,
                                       **Express Mail #: EQ 242463319 US**

23  The Rainbow Push Collation,        **Express Mail #: EQ 241268327 US**
    The NAACP Chapter for the District of Columbia

24                                     **Express Mail #: EQ 241268344 US**

25  Law Office of Louise Harrell     **Express Mail #: EQ 241268335 US**
    Mary L. Lee, Paralegal, **Certified Mail: 7005 0390 0002 2211 2578**
    Records

# UNITED STATES DISTRICT
## FOR THE DISTRICT OF COLUMBIA

MR. SAM L. CLEMMONS
548 SAINT CHARLES PL
BROOKHAVEN, MS 39601


CIVIL ACTION NO: **1:06CV00008 (RCL)**

    V

UNITED STATES OFFICE OF PERSONNEL MNGT
**ATTN: General Counsel Mark A. Robbins**
CENTER FOR FEDERAL INVESTIGATION SERVICES
FEDERAL INVESTIGATION PROCESSING CENTER
1900 E. Street, NW, Suite 7353
Washington, DC 20415-1300

## AFFIDAVIT OF SERVICE

I, _____, hereby declare
that on the _____ of _____ 20_____, I mailed
a copy of the summons and complaint, certified mail return receipt
requested, to _____ (the plaintiff's requested
attorney). Attached hereto is the green card acknowledging service.

_____
Staple the green card here. Make sure it
Bears the original signature of the person
Who signed for the summon and complaint
**STAPLE GREEN CARD IN THIS AREA**

_____

_____

_____

_____

_____

Sam L. Clemmons vs. United States Office of Personnel Management (OPM)