# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SAM L. CLEMMONS            )
                                )
            **Plaintiff,**      )
                                )
      **v.**                       )        **Civil Action No. 06-0008 (RCL)**
                                )
UNITED STATES OFFICE      )
OF PERSONNEL MANAGEMENT  )
            **Defendant.**    )
                                )
_____)

## DEFENDANT'S MOTION TO DISMISS IN PART
## AND FOR SUMMARY JUDGMENT IN PART

Defendant hereby moves to dismiss Plaintiff's Complaint, in part, pursuant to Rules

12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter

jurisdiction and failure to state a claim upon which relief can be granted.  Defendant moves for

summary judgment on Plaintiff's remaining claims pursuant to Rule 56 of the Federal Rules of

Civil Procedure because there is no genuine issue as to any material fact and Defendant is

entitled to judgment as a matter of law.  In support of this motion, Defendant respectfully

submits the attached memorandum of points and authorities, statement of material facts not in

genuine dispute,[1] and a proposed order.

---

[1]  To the extent that the Court may rely on matters outside of the pleadings, the Court may
enter summary judgment in favor of the defendant.  See Fed. R. Civ. P. 12(b); 56.  Plaintiff
should take notice that any factual assertions contained in the documents in support of this
motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or
other documentary evidence contradicting the assertions in the documents.  See Neal v. Kelly,
963 F.2d 453, 456-57 (D.C. Cir. 1992), Local Rule 7(h); 56.1 and Fed. R. Civ. P. 56(e), which
provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall
> set forth such facts as would be admissible in evidence, and shall show
> affirmatively that the affiant is competent to testify to the matters stated therein.

Respectfully submitted,


_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney




_____/s_____
RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney




_____/s_____
STEVEN M. RANIERI
Special Assistant United States Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895

---

Sworn or certified copies of all papers or parts thereof referred to in an affidavit
shall be attached thereto or served therewith.  The court may permit affidavits to
be supplemented or opposed by depositions, answers to interrogatories, or further
affidavits.  When a motion for summary judgment is made and supported as
provided in this rule, an adverse party may not rest upon the mere allegations or
denials of the adverse party's pleading, but the adverse party's response, by
affidavits or as otherwise provided in this rule, must set forth specific facts
showing that there is a genuine issue for trial.  If the adverse party does not so
respond, summary judgment, if appropriate, shall be entered against the adverse
party.

Fed. R. Civ. P. 56(e).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAM L. CLEMMONS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0008 (RCL) |
| | ) | |
| UNITED STATES OFFICE | ) | |
| OF PERSONNEL MANAGEMENT | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS IN PART
AND FOR SUMMARY JUDGMENT IN PART

Defendant files this Memorandum in support of its Motion to Dismiss, in part, Plaintiff's

complaint, and for Summary Judgment to the extent that plaintiff's complaint relates to an

alleged Freedom of Information Act ("FOIA"), cause of action.

## I.  INTRODUCTION

In a confusing complaint dated August 1, 2006, Plaintiff brings suit against the Office of

Personnel Management ("OPM") seeking recovery of approximately one-hundred million

dollars, alleging a myriad of claims regarding a background investigation performed by OPM

pursuant toPlaintiff's application for employment with the Drug Enforcement Agency.[1]

---

[1] The specific focus of this complaint appears at first to be Plaintiff's belief that OPM provided incorrect information to the Central Intelligence Agency ("CIA"). "Samuel L. Clemmons, Jr. file (sic) this civil complaint...against the Office of Personnel Management...in violation of crimes...against others and against ...the Central Intelligence Agency...stating that plaintiff have (sic) confirmed serious issues against the federal government and possesses (sic) a serious threat to this country and citizens of the United States of America." Plnt.'s Complt. ¶ 1. However, as is explained, *infra*, a thorough reading of Plaintiff's complaint indicates that this is but one of several claims pertaining to OPM's background investigation and one of several related judicial complaints brought against agencies of the United States and several private entities.

Plaintiff's Amended Complaint, ¶ 1 (hereinafter "Plt.'s Complt.").  Plaintiff's complaint does not contain a short and plain statement of the grounds upon which the Court's jurisdiction depends or of his claims showing that he is entitled to relief, as required by FRCP 8(a).  However, given the latitude given to *pro se* plaintiffs, the government has attempted to ascertain the claims Plaintiff is raising and addresses each below.

Given the allegations in the complaint and the administrative record, this disjointed complaint can be distilled into three causes of action: one, an alleged violation of the Privacy Act, 5 U.S.C. § 552a (PA), in that OPM failed to amend a background investigation conducted by OPM and provided to the Drug Enforcement Agency ("DEA") in connection with Plaintiff's application to become a DEA Special Agent;[2] two, that OPM improperly withheld information contained in the background investigation under the Freedom of Information Act 5 U.S.C. § 552 (FOIA); and three, that the contents of the background investigation amounted to tortious conduct of "deformation of character [sic]," identity theft and identity fraud.

Defendant moves to dismiss Plaintiff's Privacy Act cause of action for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), as Plaintiff has failed to exhaust his administrative remedies.  Defendant also moves to dismiss Plaintiff's allegations that sound in tort for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  The United States has not waived sovereign immunity for these alleged torts and Plaintiff has also failed to exhaust his administrative remedies.

To the extent any additional alleged causes of action can be discerned from Plaintiff's list

---

[2] To ensure the Federal Government has an effective civilian workforce, OPM provides background investigation services to federal agencies to enable that agency to make security clearance or suitability decisions on civilian, as well as military and contractor personnel.

of violations, Defendant also moves to dismiss them under Fed. R. Civ. P. 12(b)(1) for lack of

subject matter jurisdiction, or in the alternative, Fed. R. Civ. P. 12(b)(6) for failure to state a

claim for which relief can be granted.

Defendant moves for summary judgment with respect to any improper withholding under

FOIA, under Fed. R. Civ. P. 56.   The background investigation was released to Plaintiff on July

8, 2005, with three documents redacted under FOIA Exemption (b)(3), and PA exemption (j)(1).

OPM sought guidance from the originators of the information - the U.S. Army Crimes Record

Center (ACRC) and the CIA.  OPM supplemented its release to Plaintiff on August 8, 2005, and

provided him with an unredacted copy of the ACRC document after the ACRC informed OPM

that the release was permitted.  The refusal to release the remaining information from the CIA

was proper, because the CIA was the proper release authority under the National Security Act.

Nonetheless, Plaintiff filed a separate FOIA request directly to the CIA and obtained the same

information directly from the CIA.  Thus, there is no genuine issue of material fact regarding

release of records to Plaintiff under FOIA, because he ultimately obtained the information he

sought. Hence, Defendant is entitled to summary judgment as a matter of law.

## II.  BACKGROUND

Plaintiff is a former U.S. Army officer who was discharged by the Army in 1994.  In

1999, he sought employment as a Special Agent with the DEA.  The DEA referred Plaintiff's

application for federal employment to OPM for a background investigation, a prerequisite to

determining Plaintiff's suitability for federal employment.  Pursuant to their statutory authority,

OPM conducted the investigation and reported the results to the DEA.

Ultimately, the DEA declined to hire Plaintiff.  Plaintiff responded by bringing suit

3

against several federal agencies, including the DEA and the United States Department of Justice (Civil Case No. 06cv0305) and the Department of the Army (Civil Case Nos. 05cv23535 and 06cv0510), whom he believes played a role in his non-selection. Plaintiff also brought suit against several private entities, including a former employer (Civil Case No. 06cv0194), an apartment complex where he lived (Civil Case No. 06cv0195), and his former spouse (Civil Case No. 06cv0123), advancing theories of tortious conduct allegedly pertaining to the information they provided to OPM.[3]

As is explained more fully in Defendant's Statement of Material Facts that are Not in Genuine Dispute, *infra*, Plaintiff sought access to the OPM background investigation under the FOIA. OPM released the investigation to Plaintiff in its entirety, but made redactions to pages 5, 6 and 36. Pages 5 and 36 are identical and were redacted because they contained information provided to OPM by the CIA regarding whether the CIA maintained a file on Plaintiff. Specifically, the CIA informed OPM that they did not maintain a record on Plaintiff. OPM withheld this information, because the CIA was the proper release authority under the National Security Act. The CIA subsequently responded to Plaintiff and informed him that they maintained no records on him.

Page 6 of the investigation contained a reference to an ACRC file number pertaining to an investigation by the U.S. Army Criminal Investigation Command ("CID") on Plaintiff while

---

[3] The aforementioned cases, and several others, have been designated as "related" and are currently pending before this Court. Of note, it appears that Plaintiff sought and obtained an entry of default in the case brought against his former spouse (Civil Case No. 06cv0123), an apparent resident of Wisconsin who might not have been subject to personal jurisdiction in this District.

Plaintiff was an officer on active military duty.[4]  OPM consulted with the ACRC, and learned

that page 6 of the investigation was releasable to Plaintiff without redaction.  OPM promptly

released the unredacted version of page 6 to Plaintiff via a supplemental response to his FOIA

request.

### III.  STATEMENT OF MATERIAL FACTS THAT ARE NOT IN GENUINE DISPUTE

Defendant respectfully refers the Court to its Statement of Material Facts Not in Genuine

Dispute, filed contemporaneously with its Motion to Dismiss, in part, and Motion for Summary

Judgment.

### IV.  STANDARD OF REVIEW

#### A. Lack of Subject Matter Jurisdiction

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the Plaintiff bears the burden

of establishing that the court has subject matter jurisdiction.  Dist. of Columbia Ret. Bd. v.

United States, 657 F. Supp. 428, 431 (D.D.C. 1987).  In considering a motion to dismiss for lack

---

[4] The details of the CID investigation are more germane to Plaintiff's judicial complaints against the Army; however, they provide a context to explain OPM's reasons for contacting CID regarding Plaintiff's FOIA request to OPM.  Specifically, Plaintiff transferred from an overseas assignment to a new duty assignment in the United States.  Sometime after arrival, Plaintiff filed a claim with a U.S. Army claims office requesting reimbursement for the damage caused to his furniture and other personal property moved in conjunction with his travel.  A Claims Officer believed that Plaintiff had altered a repair receipt Plaintiff submitted in conjunction with his claim and referred the claim to the Army CID.  CID investigated the claim and an Army Judge Advocate determined that probable cause existed to believe that Plaintiff made a false statement and filed a false claim against the U.S. by altering the receipt.  CID referred the investigation to Plaintiff's commander; however, Plaintiff had discharged from the military in the interim for unrelated reasons and criminal charges were not brought against him.  Current ACRC records correctly reflect that Plaintiff was the subject of a criminal investigation and ACRC maintains the report of investigation ("ROI").  Information from the ROI was reported by ACRC to OPM pursuant to OPM's background investigation.

5

of subject matter jurisdiction, the court accepts as true all material factual allegations in the complaint. Hohri v. United States, 782 F.2d 227, 241 (D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64 (1987). In addition, a court may consider such materials outside the pleadings as appropriate to resolve the question whether it has jurisdiction to hear the case. See Herbert v. Nat'l. Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Borg-Warner Protective Servs. Corp. v. EEOC., 81 F. Supp. 2d 20, 23 (D.D.C. 2000).

While pro se litigants' complaints are liberally construed they "cannot generally be permitted to shift the burden of litigating his case to the courts, nor to avoid the risks of failure that attend his decision to forego expert assistance." Macleod v. Georgetown Univ. Med. Ctr., 736 F.2d 977 (D.C. Cir. 1999) quoting Dozier v. Ford Motor Co., 702 F.2d 1189, 1194 (1993). See also Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (1993) (the court "does not need to provide detailed guidance to pro se litigants," nor does liberal treatment "constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure." (internal quotation omitted)).

A plaintiff's burden to properly plead jurisdiction is particularly heavy when suing the sovereign. United States v. Mitchell, 463 U.S. 206, 212 (1983). As sovereign, the United States is "immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941). Statutory waivers of sovereign immunity "are to be construed strictly in favor of the sovereign." McMahon v. United States, 342 U.S. 25, 27 (1951) (citations omitted).

B. **Failure to State a Claim**

A Plaintiff must state a claim upon which relief can be granted.  District of Columbia Retirement Bd. v. United States, 657 F. Supp. 428, 433 (D.D.C. 1987).  A court must accept the allegations of the complaint as true in determining whether to grant a Rule 12(b)(6) motion to dismiss for failure to state a claim.  Scolaro v. D.C. Bd. of Elections and Ethics, 104 F. Supp. 2d 18, 22 (D.D.C. 2000). See, e.g., Croixland Properties Ltd. Partnership v. Corcoran, 174 F.3d 213, 215 (D.C. Cir.1999).  All reasonable inferences must be drawn in favor of the Plaintiff, and a court should only dismiss a complaint for failure to state a claim "'if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Id. (quoting Hishon v. King & Spalding, 467 U.S. 69, 73(1984)); see also Price v. Crestar Secs. Corp., 44 F.Supp.2d 351, 353 (D.D.C.1999).  A court "does not test whether the Plaintiff will prevail on the merits, but instead whether the claimant has properly stated a claim." Price at 353. While plaintiff is entitled to all favorable inferences that can be drawn from those allegations, Warth v. Seldin, 422 U.S. 490, 501 (1975), the court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint.  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Further, while the court must accept plaintiff's allegations of fact as true, the court is not required to accept as correct the conclusions plaintiff would draw from such facts.  Taylor v. Federal Deposit Insurance Corp., 132 F.3d 753, 762 (D.C. Cir. 1997); National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996).  Nor must a Court "accept legal conclusions cast in the form of factual allegations." Kowal, 16 F.3d at 1276; see also Papasan v. Allain, 478 U.S. 265, 286 (1986).

Ordinarily, the introduction of materials outside of the pleadings is not allowed upon consideration of a motion to dismiss under Rule 12 (b)(6) and converts a motion to dismiss to a motion for summary judgment.  <u>Savage v. Scales</u>, 310 F. Supp. 2d 122, 129 (D.D.C. 2004).  An exception to this rule exists where a document is referred to in the plaintiff's complaint and is central to the plaintiff's allegations.  <u>Lipton v. MCI Worldcom, Inc.</u>, 135 F. Supp. 2d 182, 186 (D.D.C. 2001).

### C. <u>Summary Judgment</u>

In 1986, the Supreme Court issued three opinions that clarified the standards governing consideration of motions for summary judgment under Fed. R. Civ. P. 56.  <u>Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); <u>Celotex</u> at 322; <u>Diamond v. Atwood</u>, 43 F.3d 1538, 1540 (D.C. Cir. 1995); <u>Molerio v. FBI</u>, 749 F.2d 815, 823 (D.C. Cir. 1984).  Where no genuine dispute exists as to any material fact, summary judgment is required.  <u>Anderson</u>, 477 U.S. 242 (1986).

A genuine issue of material fact is one that could change the outcome of the litigation. <u>Id</u>. at 247.  The party moving for summary judgment need not prove the absence of an essential element of the nonmoving party's case.  <u>Celotex</u>, at 325.  "The burden on the moving party may be discharged by 'showing' – that is, pointing out to the (Court) – that there is an absence of evidence to support the non-moving party's case." <u>Id</u>.  Once the moving party has met its burden,

the non-movant may not rest on mere allegations, but must proffer specific facts showing that a genuine issue exists for trial. <u>Matsushita</u>, 475 U.S. at 586. Fed. R. Civ. P. 56 requires the party opposing summary judgment go beyond the pleadings, and by affidavits, depositions, answers to interrogatories or admissions set forth "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); <u>Celotex</u>, 477 U.S. at 324; <u>Banks v. C & P Tel. Co.</u>, 802 F.2d 1416 (D.C. Cir. 1986). To avoid summary judgment, the Plaintiff must state specific facts or present some objective evidence that would enable the court to find an entitlement to relief.

In an opinion issued the same day as <u>Celotex</u>, the Supreme Court explained the circumstances where summary judgment is appropriate: "if the evidence is merely colorable . . . or is not sufficiently probative . . . summary judgment may be granted . . . (T)he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." <u>Anderson</u>, 477 U.S. at 252. Unsupported speculation is not enough to defeat a summary judgment motion; the existence of specific material evidentiary facts must be shown. Fed. R. Civ. P. 56(e) (the nonmoving party may not rest on mere allegations but "must come forward with 'specific facts showing there is a genuine issue for trial."). <u>See also</u> <u>Hayes v. Shalala</u>, 902 F.Supp. 259, 263 (D.D.C. 1995) (opposition to summary judgment must consist of more than mere unsupported allegations or denials); <u>Johnson v. Digital Equip. Corp.</u>, 836 F.Supp. 14, 18 (D.D.C. 1993) (evidence that is merely colorable or not sufficiently probative is insufficient to defeat summary judgment); <u>Baton v. Powell</u>, 912 F.Supp. 565, 578 (D.D.C. 1996).

The mere existence of some factual dispute will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of

material fact.  See Anderson, 477 U.S. at 247-248.  Perhaps most significantly, the Court authorized weighing the evidence at the summary judgment stage of litigation, stating that the "purpose of summary judgment is to 'pierce the pleadings, and to assess the proof in order to see whether there is a need for a trial.'" Id.  (citation omitted).  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  Id. at 249-250 (citations omitted).  If the evidence is "merely colorable, or is not significantly probative," or the record taken as a whole could not "lead a rational trier of fact to find for the nonmoving party, summary judgment is proper."  Id.; Matsushita, 475 U.S. at 587.  Thus, the non-movant cannot manufacture genuine issues of material fact with "some metaphysical doubt as to the material facts," (Matsushita at 586), or with "conclusory allegations . . . unsubstantiated assertions, . . . or a scintilla of evidence."  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).  Importantly for this case, "[b]y pointing out the absence of evidence to support the nonmoving party's case, the moving party can demonstrate that there is no genuine issue as to any material fact, therefore entitling it to summary judgment." Shelborne v. Runyon, 1997 WL 527352 at **3 (citing Celotex, 477 U.S. at 325).

    In Celotex, the Supreme Court further instructed that the "(s)ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex, 477 U.S. at 327 (quoting Fed.R.Civ.P. 1).  A court should grant summary judgment if the moving party submits affirmative evidence that negates an essential element of the nonmoving party's claims or by demonstrating to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving

10

party's claim.  <u>Celotex</u>, 477 U.S. at 331.

## V.  <u>ARGUMENT</u>

**A.**    **Liberally Construing Pro Se Plaintiff's Complaint Results in Alleged Causes of Action under The Privacy Act, FOIA, and Tort.**

As a threshold matter, it is necessary to sort out Plaintiff's confusing complaint to establish a basis for this honorable Court's jurisdiction and identify any colorable legal causes of action raised by Plaintiff.  Applying the long-standing rule that *pro se* pleadings are to be given a liberal construction, <u>see</u>, <u>e.g.</u>, <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), Plaintiff's complaint facially raises Privacy Act, FOIA, Tort and Title VII causes of action.

Plaintiff's complaint, liberally read, alleges Privacy Act causes of action under the "amendment" of records theory.  The PA is a limited waiver of sovereign immunity and a grant of jurisdiction to United States District Courts.  5 U.S.C. § 552a(g)(1)(D).  While the complaint does not allege with specificity what record the agency failed to amend, the crux of the complaint is one of amendment under 5 U.S.C. §§ 552a(d)(2) and (g)(1)(A).  For example, Plaintiff refers to the Privacy Act in his complaint, and his primary allegation is that OPM "marked [his] personal information in a United State[s] Government's record and database," and that such entry was done "wilfully" and "intentionally." Plnt.'s Complt. ¶ 4.  Moreover, Plaintiff, *inter alia*, specifically seeks "complete removal of all personal information from this federal agency's database." Pl. Compl. ¶ 26.  As such, the relief sought is akin to an action for amendment per 5 U.S.C. § 552a(g)(2).

Liberally construed, Plaintiff's complaint also sounds in tort as he characterizes his complaint as an action of "deformation of character [sic], identity theft, and identity fraud."

11

(Plnt.'s. Compl. ¶1).  Claims against the United States are barred by sovereign immunity unless

there is an applicable statutory waiver.  Although the Federal Tort Claims Act (FTCA) is a

waiver of sovereign immunity, certain types of claims are excepted from its coverage. 28 U.S.C.

§§ 1346(b), 2671-2680.  The FTCA also requires exhaustion of administrative remedies prior to

filing suit.

In paragraph fourteen of his complaint, Plaintiff provides a lengthy list of alleged

violations.  With the exception of the causes of action discussed above and one under the FOIA,

discussed below, this list--liberally construed--provides no cognizable cause of action.  None of

the named statutes, executive orders, or regulations provides a waiver of federal sovereign

immunity, a grant of jurisdiction or a private right of action, nor does plaintiff state a claim for

which relief can be granted based on them.[5]  Even though *pro se* plaintiffs are generally held to a

less stringent standard of pleading than those prepared by lawyers, this does not "constitute a

license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure." Moore v.

Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir 1993).  Nor does it allow a *pro se* plaintiff to

"expect the Court to decide what claims a plaintiff may or may not want to assert." Baker v.

---

[5] Executive Order (EO) 10450 prescribes security requirements for government employees; EO 10865 prescribes the safeguarding of classified information within industry; EO 1233 generally prescribes U.S. intelligence activities; EO 12356 establishes the system of classifying and declassifying government information; 5 U.S.C. § 3301 is the statutory authority for the President to prescribe civil service regulations; 5 U.S.C. § 9101 governs access to criminal histories by designated agencies for national security and other purposes; 42 U.S.C. § 2165 prescribes access to restricted data requirements for employees or contractors of the Atomic Energy Commission; 42 U.S.C. § 2201 prescribes the organic functions of the Atomic Energy Commission; 50 U.S.C. §§ 781 et seq, is collectively known as the Internal Security Act of 1950; 5 C.F.R. Part 732 sets forth agency procedures for determining national security positions pursuant to EO 1045; 5 C.F.R. Part 736 specifies requirements for personnel investigations conducted by OPM and those conducted by agencies under OPM authority.

United States Army, 1991 U.S. Dist. LEXIS 6424 (D.D.C. 1991), quoting Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987).

In paragraph twenty-seven of Plaintiff's complaint, Plaintiff alleges that his complaint "should be confirmed as a subject of employment discrimination." Plt.'s Complt. ¶ 27. To the extent that Plaintiff is attempting to raise claims of employment discrimination under Title VII, he fails to establish that he was an employee of, or applicant for employment with, OPM and fails to establish that he exhausted administrative remedies by filing an administrative complaint of discrimination.

Plaintiff's complaint also alleges a cause of action under FOIA. FOIA provides a limited waiver of sovereign immunity. 5 U.S.C. § 552(a)(4)(B). Plaintiff refers to FOIA in his complaint (Pl. Compl. ¶ 14), and four FOIA withholding exemptions–(b)(2), (b)(6), and (b)(7)(C) and (b)(7)(A).[6]

### B.    Plaintiff's Alleged Cause of Action To Amend under the Privacy Act Must be Dismissed for Failure to Exhaust Administrative Remedies.

This Court must dismiss the Plaintiff's Privacy Act cause of action under Fed. R. Civ. P. 12 (b)(1) because it lacks subject matter jurisdiction; Plaintiff has failed to exhaust his administrative remedies by seeking amendment of portions of OPM's background investigation that he apparently believes are in error.

The U.S. Supreme Court has "long acknowledged the general rule that parties exhaust

---

[6] Plaintiff refers to several FOIA exemptions in his complaint; however, reference to these exemptions appears to relate to his judicial complaint against the DEA and not OPM. Again, reading Plaintiff's complaint liberally, the only FOIA claim against OPM regards redaction of information on pages 5, 6 and 36 of OPM's background investigation under FOIA exemption (b)(3) and PA exemption (j)(1).

prescribed administrative remedies before seeking relief from federal courts." McCarthy v. Madigan, 503 U.S. 140, 144 (1992).   Exhaustion concerns are more pronounced when the action under review involves agency discretion or allows the agency to apply its special expertise. McKart v. United States, 395 U.S. 185, 193-195 (1969); see also Bowen v. City of New York, 476 U.S. 467, 484 (1986).

The general principle of exhaustion squarely applies in this case.   The language of the Privacy Act plainly contemplates exhaustion; as a precursor to the judicial relief provisions of 5 U.S.C. § 552a(g)(2)(A), 5 U.S.C. § 552a(g)(1) provides that "[w]henever any agency (A) makes a determination . . .not to amend an individual's record." (emphasis added).  Plaintiff's request dated August 8, 2005 sought only the release of records; the request did not expressly or impliedly request amendment of the record. See DEX 1.  To date, OPM has received no amendment request from plaintiff.  OPM has not been afforded the opportunity to apply its expertise to determine whether information should be amended pursuant to a proper administrative request.  Accordingly, to the extent that Plaintiff's complaint can be construed to allege that the agency has wrongfully failed to amend this record under the Privacy Act, the complaint must be dismissed under Fed. R.Civ. P. 12 (b)(1) for a failure to exhaust administrative remedies.

C.   **Plaintiff's Alleged Causes of Action which Sound in Tort Must be Dismissed for Lack of Subject Matter Jurisdiction**.

In paragraph one, Plaintiff also describes "this complaint" as one seeking relief for "deformation of character [sic], identity theft and identity fraud."  These actions, which sound in tort, must be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12 (b)(1).

14

The United States has not waived sovereign immunity for such causes of action, and to the extent

cognizable under the FTCA, Plaintiff has failed to exhaust his administrative remedies.

The Plaintiff bears the burden of proving the subject- matter jurisdiction of this court.

McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182 (1936).  Dist. Of Columbia Ret.

Bd. v. United States, 657 F. Supp. 428, 431 (D.D.C. 1987).  A bedrock requirement of subject-

matter jurisdiction is the waiver of federal sovereign immunity.  The United States, as sovereign,

is immune from suit as it consents to be sued, and the terms of its consent to be sued define a

court's jurisdiction to entertain suit.  United States v. Mitchell, 445 U.S. 535, 538 (1980); United

States v. Sherwood, 312 U.S. 584, 586 (1941).  In the torts context, the Federal Tort Claims Act

("the FTCA") represents a limited waiver of the United States' sovereign immunity.  28 U.S.C.

§§ 1346(b) and 2671-80.

The United States' waiver of sovereign immunity under the FTCA is subject to certain

exemptions, one of which is applicable here: the United States may not be sued for defamation.

See Benvenuti v. Dep't of Defense, 587 F.Supp. 348, 352 (D.D.C. 1984); Art Metal-U.S.A. v.

United States, 753 F.2d 1151 (D.C. Cir. 1985).  The applicable provision of the statute explicitly

states that the Act shall not apply to "any claim arising out of assault, battery, false

imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander,

misrepresentation, deceit...."  28 U.S.C. § 2680(h).  Defamation is encompassed in this

exception.  See Hosey v. Jacobik, 966 F.Supp. 12, 15 (D.D.C. 1997) (Defamation is "simply a

broader term for slander and libel," and accordingly, is a type of claim for which the United

States cannot be sued).  Thus, plaintiff's allegation of "deformation [sic] of character" must be

dismissed on immunity grounds.

To the extent the allegations of "identity fraud" and "identity theft" state any claim for civil relief, they would sound in tort. These claims are more difficult to address since they lack clarity.[7] Defendant is not aware of any authority which waives the sovereign immunity of the United States for actions of "identity theft or identity fraud." As indicated by the four corners of the complaint, Plaintiff's chief allegations are that OPM failed to amend the background investigation and improperly withheld information from him. As such, these vague allegations of "identity theft" and "identity fraud" appear to be nothing more than the same tortious allegation of defamation packaged in different language. Accordingly, the allegations of "identity theft and identity fraud" must also be dismissed as part of the United States' immunity for defamation actions or more generally under the intentional tort exception promulgated by 28 U.S.C. § 2680(h).

To the extent that Plaintiff's tort claims are claims for which the government has waived sovereign immunity under the FTCA, plaintiff has failed to exhaust his administrative remedies and thus the result is the same, the Court lacks jurisdiction over the claims. Federal law prohibits FTCA actions from proceeding unless the plaintiff has presented an administrative tort claim. 28 U.S.C. § 2675(a). Under the FTCA, a plaintiff is required, prior to the institution of suit, to present an administrative claim to the appropriate Federal agency. 28 U.S.C. § 2675(a). Section 2675(a) provides in relevant part (with emphasis added):

_____

[7]It is unclear from the face of the *pro se* pleading whether "identity theft" and "identity fraud" relate to the defamation allegation or attempt to allege a separate cause of action. Certainly such acts may qualify as criminal conduct, but such conduct is squarely outside the realm of this Civil Court. Liberally construing *pro se* Plaintiff's attempt at pleading, these allegations are essentially the same as the defamation claim, or alternatively, are closer to misrepresentation and deceit, from which the United States is also immune from suit.

> *An action shall not be instituted* upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency* in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim *within six months* after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Thus, presentation of an administrative claim complying with Section 2675 and the FTCA regulations is a non-waivable jurisdictional requirement. <u>McNeil v. United States</u>, 508 U.S. 106, 110-13, 113 S. Ct. 1980, 1983-1984 (1993).

Plaintiff did not submit an administrative claim to OPM for the incidents alleged by him to be tort violations. Thus, the Court does not have jurisdiction over this matter. Because the Court lacks subject matter jurisdiction, this claim must be dismissed under Fed. R. Civ. P. 12 (b)(1).

### D.    Plaintiff's List of Violations Must be Dismissed for Lack of Subject Matter Jurisdiction or for Failure to State a Claim for Relief.

In paragraph 24 of the complaint, Plaintiff provides a list of alleged agency violations by citing myriad statutes, executive orders, and regulations. None of these provisions–many of suspect relevance–provide a basis for this honorable Court's subject matter jurisdiction or state a cognizable claim. In sum, Defendants and this Court cannot guess what plaintiff alleges.

Even within the liberal *pro se* context, Plaintiff must still comply with the basic requirements of the Federal Rules of Civil Procedure. <u>Jarrell v. Tisch</u>, 656 F. Supp. 237, 239 (D.D.C. 1987). This includes providing a "short and plain statement" setting forth the basis of the Court's jurisdiction as well as a claim showing an entitlement to relief. Fed. R. Civ. P. 8(a).

"The purpose of Rule 8(a) is to give fair notice to the defendants. . . to permit defendants to prepare a responsive answer [or] prepare an adequate defense." <u>Coleman v. Gingrich</u> et. al., 1997 U.S. Dist. LEXIS 1871, <u>citing</u> <u>Brown v. Califano</u>, 75 F.R.D. 497, 498 (D.D.C. 1977).

In the instant case, Plaintiff's list contains no authority which either provides a waiver of federal sovereign immunity, a grant of jurisdiction or a private right of action.[8] Defendant and this Court can only guess what, if any, additional causes of action Plaintiff attempts to raise with his confused list of alleged violations; therefore, there is no requisite specificity on which to base jurisdiction. <u>See</u> <u>Tisch</u>, 656 F. Supp. At 239. Accordingly, Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction. Likewise, Plaintiff fails to state a bona fide claim for relief on the face of this list of "violations;" thus dismissal under Fed. R. Civ. P. 12 (b)(6) is also proper. <u>See</u> <u>District of Columbia Retirement Bd.</u>, 657 F. Supp. at 433.

In paragraph 27 of his complaint, Plaintiff also seems to allege discrimination under Title VII of the Civil Rights Act of 1964, although this is far from clear because Plaintiff does not cite the statute (42 U.S.C. §§ 2000e-16).[9] However, Plaintiff fails to allege that he was an employee of, or applicant for employment with, OPM. See 42 U.S.C. §§ 2000e-16(a). Moreover, Plaintiff fails to allege that he has filed an administrative discrimination claim. Thus, Plaintiff has also failed to exhaust his administrative remedies.[10] Accordingly, Plaintiff has failed to state a claim

---

[8] The statutes, regulations and executive orders are detailed in fn. 5 above.

[9] Plaintiff's claims of employment discrimination appear to be repeated from his judicial complaint against the DEA, the agency with which he was seeking employment.

[10] Additionally, Plaintiff fails to establish a *prima facie* case of discrimination. Although a plaintiff need not allege each element of a *prima facie* case of discrimination in order to survive a motion to dismiss a Title VII claim, a plaintiff still must meet the basic pleading requirements of Federal Civil Rule 8(a) to state a claim, <u>see</u> <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512

under Title VII, and to the extent that Plaintiff actually attempts to raise a claim under Title VII, it should be dismissed under Federal Civil Rule 12(b)(1) or (6).

**F.**    **Defendant is Entitled to Summary Judgment on Plaintiff's FOIA Claim as No Issue of Material Fact Remains as to the Withholding of Information.**

On July 8, 2005, OPM released the background investigation to Plaintiff, with redactions to pages 5, 6 and 36.  Page 6 of the investigation is a request from OPM to the ACRC seeking information pertaining to CID's criminal investigation into Plaintiff filing a false claim against the United States in 1994.  OPM redacted the CID file number from page 6 and released it to Plaintiff.  Upon confirmation from the ACRC that the file number was releasable, OPM released the unredacted page 6 to Plaintiff.  DEX 8.  Thus, on August 5, 2006, Plaintiff received the entire document for which he seeks disclosure.

Pages 5 and 36 of OPM's background investigation include a one-line entry indicating information provided by the CIA regarding whether the CIA has records pertaining to Plaintiff. Specifically, CIA informed OPM that he did not have a record pertaining to Plaintiff.  OPM redacted this information pursuant to 5 U.S.C. §552 (b)(3), which protects records that are specifically exempted from disclosure by statute provided that the statute (A) requires that the

---

(2002) (requiring that a plaintiff give defendant fair notice of the basis of plaintiff's claims); but see Muckle v. Gonzales, 2005 U.S. App. LEXIS 5799, * 3 (D.C. Cir. Mar. 21, 2005) (holding that "[t]o survive a motion to dismiss, a plaintiff in a Title VII case must allege (1) that [he] is a member of a protected class; (2) that [he] suffered an adverse employment action; and (3) that 'the unfavorable action gives rise to an inference of discrimination.'") (*citing* Brown v. Brody, 199 F.3d 446, 452 (D.C. Cir. 1999)), and must exhaust administrative remedies prior to filing suit.  See United Air Lines v. Evans, 431 U.S. 553, 555 n.4 (1977).  In the present case, Plaintiff fails to specify his protected class.  See Amended Compl. at ¶ III.  Nor does it appear from the facts alleged that Plaintiff was qualified for the position, because of "issues" which arose during his background investigation.  See id.; see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

matters be withheld from the public in such a manner as to leave no discretion in the issue, or (B) establishes particular criteria for withholding of information or refers to particular types of matters to be withheld.  The National Security Act of 1947 requires the Director of the CIA to protect "intelligence sources and methods from unauthorized disclosure."  See 50 U.S.C. § 403(d)(3).  The National Security Act qualifies as a withholding statute under 5 U.S.C. §552 (b)(3).  See CIA v. Sims, 471 U.S. 159, 167 (1985).   Thus, OPM properly redacted pages 5 and 36.  Moreover, because the responsibility for protecting "intelligence sources and methods from unauthorized disclosure" is under the purview of the CIA, OPM properly referred Plaintiff's FOIA request to the CIA.

Independent of OPM's referral, Plaintiff pursued his FOIA request directly to the CIA on August 11, 2005.  The CIA processed the request and responded to Plaintiff on August 24, 2005, informing him that the CIA did not maintain any records filed under his name.  Thus, Plaintiff received the information directly from the CIA that he sought from OPM.  Hence, there is no dispute of material fact.  Plaintiff has received the information that he sought from OPM and believed to be improperly withheld.  Defendant is entitled to summary judgment as a matter of law.

## VI.  CONCLUSION

This honorable Court must dismiss Plaintiff's Privacy Act claim as he has not sought amendment required by the PA.  This Court must also dismiss plaintiff's tort allegations as the United States has not waived sovereign immunity for defamation and to the extent Plaintiff raises a claim cognizable under the FTCA, plaintiff has failed to exhaust his administrative remedies. Moreover, Plaintiff's list of other violations do not constitute cognizable causes of action and

20

must be dismissed under Fed. R. Civ. P. 12 (b)(1) or (b)(6).  Finally, Plaintiff has received the

information he requested under the FOIA.  Accordingly, there is no material fact in dispute and

defendant is entitled to summary judgment as a matter of law.

Respectfully submitted,

_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s_____
RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney

_____/s_____
STEVEN M. RANIERI
Special Assistant United States Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895

21

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this _____<sup>th</sup> day of December, 2006 a copy of the foregoing has

been served by First-Class mail; postage prepaid to:

SAM L. CLEMMONS
548 Saint Charles Pl.
Brookhaven, MS 39601


_____/s_____
STEVEN M. RANIERI
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C.  20530
202-353-9895  / FAX 202-514-8780