UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS               ) | |
|                Plaintiff,      ) | |
| v.                                                ) | Civil Action No. 06-0008 (RCL) |
| UNITED STATES OFFICE      ) OF PERSONNEL MANAGEMENT )              Defendant.   ) | |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
WHICH ARE NOT IN GENUINE DISPUTE**

Pursuant to LCvR 7(h) and in support of Defendant's Motion to Dismiss, in part, and Motion for Summary Judgment, Defendant respectfully submits this statement of material facts as to which there are no genuine disputes.

1. On July 15, 2003, Plaintiff wrote a letter to Defendant DEA in which he made a FOIA request "for the release of information you have in my record concerning something may have surfaced in my background investigation in relation to my employment history, financial responsibility, and personal conduct." Defense Exhibit ("DEX") 1.

2. On February 20, 2004, the DEA processed Plaintiff's FOIA request, and released eighty-eight pages and withheld four. DEX 2. DEA's letter explained the basis of the withholdings to be FOIA Exemptions (b)(2), (b)(6), and (b)(7)(C), and Privacy Act section (j)(2). Id. DEA further stated that it had referred eighty-four pages to other governmental agencies, because the information contained in those pages was furnished by the other agencies. Id.

3. OPM was one of the governmental agencies contacted by DEA. DEX 3.

Specifically, OPM was asked to process Plaintiff's FOIA request pertaining to OPM's background investigation and respond to Plaintiff directly. Id.

4. OPM provided Plaintiff with an initial response on March 10, 2004, informing him that his FOIA request was being processed. DEX 4.

5. On July 8, 2005, OPM informed Plaintiff that it had completed its review and was releasing to Plaintiff documents referred from the DEA, i.e., the background investigation, with redactions to pages 5, 6 and 36. DEX 5. OPM informed Plaintiff that it was seeking guidance regarding the releasability of an unredacted page 6 from the U.S. Army Crime Records Center, the agency that created the document. Id; DEX 6. OPM also informed Plaintiff that pages 5 and 36 were redacted pursuant to FOIA exemption (b)(3) and PA exemption (j)(1). Id.

6. The ACRC responded to OPM on July 26, 2005, stating that page 6 of the investigation has been reviewed and determined to be fully releasable to Plaintiff. DEX 7.

7. On August 5, 2005, OPM released the unredacted page 6 to Plaintiff. DEX 8.

8. Plaintiff appealed OPM's decision to provid only unredacted copies of pages 5 and 36, to which OPM responded on November 15, 2005, informing him that the documents were properly redacted. DEX 9. OPM referred Plaintiff's appeal to the CIA for further processing. Id.

9. Independent of OPM's referral, Plaintiff pursued his FOIA request directly to the CIA on August 11, 2005. DEX 10.

10. The CIA processed the request and responded to Plaintiff on August 24, 2005, informing him that the CIA did not maintain any information or records filed under his name. DEX 11.

Respectfully submitted,

_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney


_____/s_____
STEVEN M. RANIERI
Special Assistant United States Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 353-9895