UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS )<br>)<br>           **Plaintiff,** )<br>)<br>v. )<br>)<br>UNITED STATES OFFICE )<br>OF PERSONNEL MANAGEMENT )<br>)<br>           **Defendant.** )<br>)<br>_____) | Civil Action No. 06-0008 (RCL) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S**
**SECOND MOTION FOR DEFAULT JUDGMENT**

On February 28, 2007, Plaintiff, *pro se*, filed an incoherent document entitled "Plaintiff's Motion Request Following Proposed Orders Submitted to Court Requesting Case to Be Closed For Summary Judgment by Default Due to Fraud Reveal (sic), Found and Located by the Plaintiff Against the Defendants." (Docket Entry #15.)  Given the latitude accorded *pro se* plaintiffs, the government presumes that Plaintiff is seeking default judgment.

Plaintiff's Motion is utterly meritless.  Plaintiff alleges a failure on the part of defendant to timely file an answer to his amended complaint.  However, the government filed a Motion to Dismiss, in part, and Motion for Summary Judgment, in part, ("Defendant's Motion") on December 11, 2006. (Docket entry 12).  This motion was timely filed.[1]  Consequently, defendant's obligation to file an answer is stayed by operation of Fed. R. Civ. P. 12(a)(4).

---

[1] Plaintiff effected service of his amended complaint upon the US Attorney on August 11, 2006.  (Docket entry 6).  Defendant timely requested enlargements of time in which to answer or otherwise respond to Plaintiff's amended complaint.  (Docket entries 5 and 11).  Defendant's dispositive motion was timely filed before the requested period of enlargement expired.  See Fed. R. Civ. P. 6

Additionally, Fed. R. Civ. P. 55(e) precludes entry of default judgment against the United States or any agency thereof, unless the claimant establishes a right to relief by evidence satisfactory to the Court.  Plaintiff has not shown a right to any relief.

To the extent that Plaintiff's Motion is meant as an Opposition to Defendant's Motion to Dismiss and for Summary Judgment, filed December 11, 2007 (Docket Entry #12), it is untimely and does not refute Defendant's Motion.  Defendant's statement of material facts should be deemed admitted and Defendant's Motion granted.

To the extent that Plaintiff's Motion seeks to compel Defendant to produce discovery, it is without merit.[2]  Plaintiff's Motion fails to clearly state what relief he is seeking; however, it can best be characterized as a motion seeking discovery "...to set stage for Jury trial if necessary...." (Plaintiff's Motion p. 9).  In other words, Plaintiff is not seeking discovery in order to respond to Defendant's dispositive motion; rather, Plaintiff is seeking discovery to assist him in preparing for trial if Defendant's dispositive motion is denied.

---

[2] Plaintiff's Motion should be denied for failing to comply with Rule 7(m), i.e., failing to discuss the anticipated motion with Defendant's counsel before filing the motion.  Local Civil Rule 7(m) requires that "[b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement." LCvR 7(m).  The purpose of the Local Rule is to promote the resolution of as many litigation disputes as possible without court intervention, or at least to force the parties to narrow the issues that must be brought to the court. See United States ex rel. Pogue v. Diabetes Treatment Centers of America, 235 F.R.D. 521, 529 (D.D.C. June 2, 2006).  The Local Rule requires that the parties "try in good faith to achieve its objectives," which means they must take "real steps to confer." Alexander v. FBI, 186 F.R.D. 185, 187 (D.D.C. 1999)(internal citation removed).  If a party files a nondispositive motion without certifying its compliance with Rule 7(m), the motion may be denied. Id.  If granted, Plaintiff's Motion would not result in the determination of a particular claim on the merits or elimination of such a claim.  Rather, Plaintiff's Motion seeks to compel discovery.  Hence, Plaintiff's Motion is non-dispositive.

As a general matter, the Court has broad discretion to deny or limit discovery in order to protect a party from undue burden or expense, and to promote a case's efficient resolution. See Fed. R. Civ. P. 26(c); *see, e.g.*, Brennan v. Local Union No. 639, 494 F.2d 1092, 1100 (D.C. Cir. 1974); Brune v. IRS, 861 F.2d 1284, 1288 (D.C. Cir. 1988); Gallella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973). Such an order may provide, *inter alia*, that discovery not be had, that it be delayed, or that it be had only by a method other than that selected by the asking party. Fed. R. Civ. P. 26(c)(1)-(3). Given this broad discretion, the Court "should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979); White v. Fraternal Order of Police, 909 F.2d 512, 517 (D.C. Cir. 1990)("The decision whether to stay discovery lies in the sound discretion of the district court.").

It is entirely appropriate for a Court to stay discovery where there is a dispositive motion pending, because it is logical that "when, as here, the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions." O'Brien v. Arco Corp., 309 F. Supp. 703, 705 (S.D.N.Y. 1969); *see also* Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1 (D.D.C. 2001)(discovery is appropriately stayed while a motion that would be entirely dispositive is pending); Equal Employment Opportunity Comm'n v. Local Union No. 3, 416 F. Supp. 728, 738 (N.D. Cal.1975) (discovery stayed pending resolution of jurisdiction question); Cannon v. United Ins. Co. of Am., 352 F. Supp. 1212, 1214-15 (D.S.C. 1973) (inappropriate to order extensive discovery pending resolution of jurisdiction).

This Court has defined a dispositive motion as "a motion that, if granted, would result either in the determination of a particular claim on the merits or elimination of such a claim from

the case." <u>United States ex rel. Tenn. Valley Marble Holding Co. v. Grunley Constr.</u>, 433 F. Supp. 2d 104, 111 (D.D.C. 2006), *quoting* <u>Niedermeier v. Office of Baucus</u>, 153 F. Supp. 2d 23, 26 (D.D.C. 2001).  Here, Defendant has moved to dismiss Plaintiff's Privacy Act and tort claims for lack of subject matter jurisdiction and moved for summary judgment on Plaintiff's FOIA claims.  If granted, Defendant's Motion will entirely dispose of Plaintiff's complaint.  Therefore, it is an appropriate exercise of this Court's broad discretion to stay discovery until it resolves Defendants' dispositive motion.

Moreover, FOIA claims are typically resolved without discovery - a standard this Court recently reiterated:

> This court has continued to affirm the proposition that "FOIA actions are typically resolved without discovery." <u>Voinche v. F.B.I.</u>, 2006 U.S. Dist. LEXIS 2549, No. CIV.A. 04-1824, 2006 WL 177399, at * 9 (January 24, 2006); see also <u>Wheeler v. C.I.A.</u>, 271 F.Supp. 2d. 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions."); <u>Center for National Security Studies v. Dep't of Justice</u>, No. 01-2500, 2002 U.S. Dist. LEXIS 2983, at * 4 (D.D.C. February 21, 2002) ("Discovery in FOIA actions is generally not available."); <u>Broaddrick v. Executive Office of the President</u>, 139 F. Supp. 2d 55, 63 (D.D.C. 2001) (citations omitted) (discovery "is not typically a part of FOIA . . . cases, . . . and whether to permit discovery is within the sound discretion of the district court judge."). In order to obtain discovery in accordance with Rule 56(f) of the Federal Rules of Civil Procedure, a FOIA plaintiff generally "must establish how the specific discovery requested would create a genuine issue of material fact." <u>Center for National Security Studies</u>, 2002 U.S. Dist. LEXIS 2983, at [*4] * 5. The court may accept the affidavits offered by an agency in support of its motion for summary judgment, "without pre-summary judgment discovery," where such affidavits are made in good faith and provide reasonable detail regarding the conduct of the search for the requested documents. <u>Broaddrick</u>, 139 F.Supp. 2d at 64; see <u>Voinche</u>, 2006 U.S. Dist. LEXIS 2549, 2006 WL 177399, at * 9.

<u>Morley v. CIA</u>, 2006 U.S. Dist. LEXIS 6858, 3-4 (D.D.C. 2006).  Plaintiff's unsupported allegations of tortious conduct are insufficient to justify discovery in this FOIA case.

Wherefore, defendant respectfully requests that Plaintiff's motion be denied.

4

Respectfully submitted,

_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s_____
RUDOLPH C. CONTRERAS D.C. Bar # 434122
Assistant United States Attorney


_____/s_____
STEVEN M. RANIERI
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895

**CERTIFICATE OF SERVICE**

  I hereby certify that on this ___th day of March, 2007 a copy of the foregoing has been served by First-Class mail; postage prepaid to:

MR. SAM L. CLEMMONS
548 Saint Charles Pl.
Brookhaven, MS 39601


              _____/s_____
               STEVEN M. RANIERI
               Special Assistant U.S. Attorney
               Civil Division
               555 Fourth St., N.W.
               Washington, D.C.  20530
               202-353-9895  / FAX 202-514-8780