UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS, ) ) Plaintiff, ) ) v. ) ) U.S. OFFICE OF PERSONNEL ) MANAGEMENT, ) ) Defendant. ) | Civil Action No. 06-00008 (RCL) |

**MEMORANDUM & ORDER**

After filing the complaint herein, plaintiff took no action to prosecute this action until he filed an amended complaint [3] on August 1, 2006. Thereafter, service was effected [6] on the United States Attorney on August 11, 2006, making a response due on October 10, 2006. On that date, defendant moved [5] to extend the time for responding until November 9, 2006. On November 9, 2006, defendant moved [11] to further extend its time to respond until December 11, 2006.

In the meantime, plaintiff moved [8, 9] for default on October 11, 2006. The law prefers disputes to be determined on the merits, and precludes entry of default when a defendant is willing and able to appear and defend. Accordingly, the motions for default [8, 9–both identical motions] filed on October 11, 2006 ,are DENIED, and the defendant's motions to enlarge time [5, 11] are GRANTED, *nunc pro tunc*. Accordingly, the motion to dismiss or for summary judgment filed by defendant on December 11, 2006, is deemed timely filed.

Rather than opposing the defendant's dispositive motion, plaintiff has frivolously re-insisted on filing additional default motions [13, 15, 18]. All of those motions [13, 15, 18] are

DENIED.

Plaintiff also lodged with the Clerk a request to enter 660 pages (several inches thick) of discovery material. Leave to file that material has been separately denied this date, and the material is being returned to plaintiff. Local Civil Rule 5.2(a) provides that discovery material shall not be filed with the Clerk until they are used in the proceeding or upon order of the Court.

Plaintiff has also filed a motion [20] to file an appeal out of time, and lodged a notice of appeal. There is nothing at this point to appeal–the Court has entered no prior orders in this case. Plaintiff's motion [20] is therefore DENIED.

To the extent that plaintiff's motion for leave to file an appeal out of time might also be construed as a motion for recusal, plaintiff's motion for recusal is DENIED. This Order denying recusal may be subject to review on appeal or by mandamus if the plaintiff chooses to do so, but a timely-filed notice of appeal will deprive this Court of jurisdiction to proceed to act at all in this case.

What is currently pending before the Court is the motion to dismiss or for summary judgment filed by defendant on December 11, 2006. Plaintiff Samuel L. Clemmons is representing himself, *pro se*. In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a *pro se* plaintiff of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id.* at 509.

Subsequently, in *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform *pro se* litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted by the district judge as being

true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Id.* at 456 (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

Under Rule 56(e) of the Federal Rules of Civil Procedure:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Thus, parties such as Mr. Clemmons, who are adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are incorrect are not sufficient. For these purposes, a verified complaint shall serve as an affidavit.

In accordance, this Court wishes to advise plaintiff that he must respond to defendant's previously filed motion within fourteen days of the date of this Order. If Plaintiff does not respond, the Court will treat the motions as conceded and dismiss the complaint.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, July 11, 2007.